UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CYNTHIA OLIVER** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **WELTMAN, WEINBERG & REIS** ) | |
| **CO., L.P.A.** ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Cynthia Oliver, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.      Plaintiff, Cynthia Oliver, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Michigan Collection Practices Act 70 of 1981 and the Michigan Occupational Code.

### II.   JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant conducts business in the District and maintains a primary office location in this District.

### III.  PARTIES

4. Plaintiff, Cynthia Oliver, is adult natural persons residing at 19344 Pinehurst, Detroit, Michigan 48221.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Defendant"), at all times relevant hereto, is and was a legal professional association engaged in the business of collecting debt within the State of Michigan and the Commonwealth of Pennsylvania with a principal place of business located at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Plaintiff has been receiving calls for several months that showed up on her Caller ID simply as "unknown number".

8. Plaintiff states that she usually does not answer calls that come up only as "unknown caller" or "private" but Plaintiff had answered at least one of the numerous phone calls she was receiving and therefore knew they collection calls from the Defendant.

9. In or around mid-June, 2012, Plaintiff was served with legal papers from the Defendant informing her of a lawsuit on a past due debt allegedly owed on a Citibank account.

10. Plaintiff did not recognize anything about a Citibank account and does not recall having a Citibank account.

11. Plaintiff states that prior to this delivery she has received nothing in writing from the Defendant.

12. Plaintiff is not aware of any outstanding debt owed to Citibank.

13. On or about July 6, 2012, Plaintiff spoke with a female agent of the Defendant who informed the Plaintiff that her account was now owned by LVNV but that the original creditor was Sears despite the paperwork received from the Defendant saying a debt was owed to Citibank.

14. Plaintiff is said to owe a balance of approximately $1,396.44.

15. Plaintiff was alarmed and confused because Plaintiff recollects that any money due to Sears was paid off in 2009 and that she's heard nothing on her past Sears account since that time.

16. Defendant's agent assured the Plaintiff that she did still owe money to Sears and that she could prove it to the Plaintiff if she had to even though the paperwork received from the Defendant stated that the alleged debt was owed to Citibank.

17. At that time, Plaintiff requested validation in writing on this debt.

18. Defendant's female agent scolded and belittled the Plaintiff telling her that she could not just ask for validation over the phone and that if she wanted to dispute this debt she was going to have to send her request in writing.

19. Plaintiff was also informed that the Defendant was going to continue with all of their collection efforts despite her request for validation.

20. Defendant attempted to bully the Plaintiff into just paying the full amount of $1,396.44 immediately even though the Defendant did not explain the discrepancy between the alleged Sears account and the Citibank account.

21. Plaintiff ended the call.

22. Plaintiff continues to be harassed by almost daily calls from the Defendant looking for payment which include live and automated calls.

23. Plaintiff sent a letter to the Defendant requesting validation and disputing the debt.

24. As a result of the ongoing debt collection efforts, Plaintiff is entitled to validation of the alleged debt and termination of the collection calls pursuant to her request.

25. Defendant has still never supplied the Plaintiff with anything to validate this account despite the fact that the Plaintiff has disputed owing anything to Sears or Citibank.

26. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

27. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send the consumer a 30-dy validation notice within 5 days |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Weltman, Weinberg & Reis Co., L.P.A., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## REGULATION OF MICHIGAN COLLECTION PRACTICES ACT 70 OF 1981

## VIOLATIONS OF 445.252 PROHIBITED ACTS

34. Plaintiff realleges all prior paragraphs of this complaint as though fully set forth herein.

35. At all relevant times there was in effect the Regulation of Collection Practices Act 70 of 1981.

36. Section 445.252 of the Act provides, in pertinent part a regulated person shall not commit one (1) or more of the following acts:

 (a) Communicating with a debtor in a misleading or deceptive manner;

 (b) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of the communication when it is made in connection with collecting a debt;

 (c) Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor;

 (d) Failing to implement a procedure designed to prevent a violation by a collection company employee;

 (e) Employing a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to

        339.916 of the Michigan Compiled Laws, to collect a claim unless that person is licensed under article 9 of Act 299 of the Public Acts of 1980.

37. In an action brought under this act, if the court finds that a regulated person has willfully violated this act, the attorney general, upon petition to the court, may recover, on behalf of the state, a civil fine not exceeding $500.00 per violation.

38. A regulated person engaging in a recurring course of willful conduct in violation of this act shall be fined not more than $5,000.00 for the first offense, and not more than $10,000.00 or imprisoned for not more than one (1) year, or both, for a second or subsequent offense.

39. A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act or practice in violation of this act may bring an action for damages or other equitable relief.

40. In an action brought pursuant to subsection (1), if the court finds the petitioner, recovery shall be in the amount of actual damages or $50.00 whichever is greater.  If the court finds that a method, act or practice was a willful violation, the court may access a civil fine of not less than three (3) times the actual damages or $150.00 whichever is greater, and shall award a reasonable attorney's fees and court incurred in connection with the action.

## COUNT III

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

### M.C.L. 339.901 et seq,

41. Plaintiff realleges all prior paragraphs of this complaint as though fully set forth herein.

42. At all relevant times there was in effect the Michigan Occupational Code.

43. In pertinent part a regulated person shall not commit one (1) or more of the following prohibited acts in 339.915:

    (a) Communicating with a debtor in a misleading manner;

    (b) Making an inaccurate, misleading, untrue, or deceptive statement or claim in connection with collecting a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

44. In pertinent part a regulated person shall not commit one (1) or more of the following prohibited acts in 339.918 (1):

    (a) Within five (5) days of the initial communication with a consumer in connection of a debt, collection agency shall send the consumer, unless the communication is in an initial communication or the consumer has paid the debt, a written notice containing the amount owed, date of the communication, name of the creditor and a statement specifying that unless the consumer, within 30 days after receipt of this notice, disputes the validity of the debt, or a portion of the debt, the debt will be assumed to be valid;

    (b) A statement specify that if the consumer notifies the collection agency within 30 days after receipt of this notice, that the debtor disputes the debt and the collection agency shall obtain verification of the debt ;

    (c) The failure of a consumer to dispute the validity of a debt under this section shall not be construed as an admission of liability by the consumer

  45. As a result of the above violation of the Michigan Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney fees.

  **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

  a. Actual damages;

  b. Statutory damages pursuant to 15 U.S.C. § 1692k;

  c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: August 29, 2012           BY: */s/Brent F. Vullings bfv8435*
                                  Brent F. Vullings, Esquire
                                  3953 Ridge Pike
                                  Suite 102
                                  Collegeville, PA 19426
                                  P: 610-489-6060
                                  F: 610-489-1997
                                  Attorney for Plaintiff
                                  bvullings@vullingslaw.com